IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWIN MARRERO, | ) |
| | ) |
| | ) No. 04 C 0482 |
| Movant/Defendant | ) |
| | ) |
| v. | ) |
| | ) |
| | ) The Honorable William J. Hibbler |
| | ) |
| THE UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent/Plaintiff. | ) |

## MEMORANDUM OPINION AND ORDER

### 1. Procedural Background

In 2000, Edwin Marrero ("Marrero") was indicted on two counts of interference with commerce by threat of violence in violation of the Hobbs Act, 18 U.S.C. § 1951, and a firearm offense in violation of 18 U.S.C. § 924.[1] The Court initially appointed James Graham ("Graham") to represent Marrero. Subsequently, Graham withdrew as Marrero's attorney and Marrero filed a petition to proceed pro se. The Court granted Marrero's motion and appointed attorney Robert L. Edwards ("Edwards") as standby counsel. On January 26, 2001, a jury returned a guilty verdict against Marrero as to all counts in the indictment. The Court sentenced Marrero to a term of 240 months on counts 1 and 2, and 84 months on the firearm violation to run consecutively to the sentence imposed on counts 1 and 2. Marrero appealed his conviction and sentence to the Seventh Circuit, which affirmed the judgment of this Court. The United States Supreme Court denied Marrero's petition for *certiorari* on January 13,

---

[1] The Hobbs Act prohibits any robbery or extortion or attempt or conspiracy to rob or extort that in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce. 18 U.S.C. § 1951(a).

2003.

Marrero now moves to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. §2255. Marrero asserts 22 grounds in his § 2255 petition and, in summary, argues: (1) the government suborned perjury in the indictment, thus this Court lacked jurisdiction over his criminal proceedings (Grounds 1-7, 20); (2) the Court improperly admitted "surprise" evidence (Grounds 8, 10-11); (3) the Court improperly denied his right to confront witnesses (Ground 9); (4) the Government questioned him in an unfair manner during its opening and closing arguments (Grounds 12-13); (5) ineffective assistance of counsel at trial and on appeal (Grounds 14, 16 and 21); (6) the Court improperly denied him appointment of counsel at trial and he was denied the right to represent himself on appeal (Grounds 15 and 22); and (7) the Court erred in the calculation of his sentence (Grounds 17-19). For the reasons set forth below, Marrero's petition is DENIED.

## II. Analysis

Relief pursuant to §2255 is limited to situations where a conviction or sentence is founded in "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994). A grant of a § 2255 motion is the rare exception, not the general rule. See *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *United States v. Kovic*, 830 F.2d 680, 683 (7th Cir. 1987). When reviewing a § 2255 motion, the district court must review the record and draw all reasonable inferences in favor of the government. See *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). Because Marrero is not represented by counsel, his motion must be liberally construed.[2] *Blake v. United*

---

[2] Since the briefing on the § 2255 motion was completed, Marrero filed several miscellaneous motions and supplemental submissions. To the extent that they merely add to issues already presented in the petition, they are unacceptable because they were filed after the expiration of the briefing schedule. To the extent that they raise new issues, they are subject to the one-year statute of limitations applicable to § 2255 petitions and constitute second or successive petitions, which cannot be filed without prior authorization from the court of appeals, and there is no indication that Marrero has obtained authorization. Accordingly, these submissions are not considered within this

*States*, 841 F.2d 203, 205-06 (7th Cir. 1998).

A. Procedural Default

Before addressing the merits of Marrero's claims, the Court must determine whether Marrero has procedurally defaulted any of these claims. A district court cannot reach the merits of an issue presented in a section 2255 petition unless that issue has been raised in a procedurally appropriate manner. *Theodorou v. United States*, 887 F.2d 1336, 1338 (7th Cir. 1989); *Williams v. United States*, 805 F.2d 1301 (7th Cir. 1986). Thus generally, issues not raised on direct appeal are barred from collateral review absent a showing both good cause for failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, *Theodorou*, 887 F.2d at 1338, or where a defendant can show a fundamental miscarriage of justice. See *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-19, 120 L.Ed 269 (1992).

In addition, "a Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994), (quoting *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Therefore, where a claim is actually decided on direct review, it cannot be relitigated under § 2255 except in unusual circumstances, such as an intervening change in the governing substantive law. *Olmstead v. United States*, 55 F.3d 316, 318-19 (7th Cir. 1995).

Marrero failed to raise several of his claims on appeal and argues them for the first time in this collateral proceeding. In particular, Marrero argues: that the Government proffered "perjured testimony, false evidence, misstatement of law and foul tactics" before the grand jury in the indictment (Ground 2); that the indictment contained "perjured testimony, false evidence, misstatement of law and foul tactics" to meet the nexus for federal jurisdiction (Ground 3); that the Government allowed Marrero to stand trial on an indictment based upon "perjured testimony, false evidence, misstatement of law and

---

opinion.

foul tactics (Ground 5); that the Court's jury instructions demonstrated bias and error in favor of the Government (Ground 7); that the government had the burden of proving that Marrero would have testified despite the improper admittance of "surprise" evidence (Ground 8); that Marrero was denied his Sixth Amendment right to confront witnesses (Ground 9); that the Court abused its discretion and denied his due process by admitting "surprise" evidence (Ground 10); that Marrero's Fifth amendment rights were violated when the Court allowed the Government to question him regarding "surprise" evidence (Ground 11); the Government acted unfairly toward him during his cross-examination (Ground 12); the Government acted unfairly during its opening and closing arguments (Ground 13); that the Court demonstrated bias and prejudice by not appointing counsel at trial (Ground 15); that he cannot be considered a career offender pursuant to the sentencing guidelines without notice (Ground 17); the Court erred and demonstrated bias and prejudice by imposing the maximum fine at sentencing (Ground 18); the Court erred and demonstrated bias and prejudice in enhancing Marrero's sentence (Ground 19); his Court demonstrated bias and prejudice by not considering the trial record which allegedly demonstrated the Government failed to meet its burden of proof under the Hobbs Act (Ground 20).

1. Cause and Prejudice

A defendant must show that the failure to present a given issue previously was the result of circumstances outside the defendant's control ("cause") and that the errors of which he complains created actual and substantial disadvantage, such that his entire trial was tainted with error of constitutional proportions ("prejudice"). See, e.g., *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991). In the instant case, Marrero's claims lack bare details and are fraught with overly broad assertions that fail to present sufficiently precise information. Specifically, Marrero argues regarding the admittance of "surprise" evidence, without ever identifying

4

that evidence. Further, he claims that the indictment was based on fraudulent information that the victims were from Detroit, MI, but offers no evidence beyond that assertion. It is not enough for a defendant to make conclusory allegations of cause and prejudice; the burden can only be satisfied by a specific showing of their existence. See, e.g., *Norris v. United States*, 687 F.2d 899, 900-904 (7th Cir. 1982). Beyond conclosury statements regarding the perceived bias or unfairness by the Court and the Government, Marrero fails to point to any evidence in support of his contentions. Marrero argues that the arguments presented in his petition could only be raised after both sides rested in the case. The Court notes that Marrero represented himself at trial along with standby counsel. Failure to raise any of the issues presented in his petition rest solely with Marrero, and not with any circumstances outside of his control. Thus, Marrero fails to show either cause for or prejudice from his failure to earlier raise these issues. Accordingly, this exception does not apply.

### 2. Fundamental Miscarriage of Justice

Under the second exception, if a defendant can show a fundamental miscarriage of justice that would result if his claims went unexamined, procedural default will not prevent a court from addressing the merits of a § 2255 motion. See *Sawyer*, 505 U.S. at 339, 112 S. Ct. at 2518-19. "A fundamental miscarriage of justice" has been construed to apply only to situations in which a defendant can demonstrate that he is actually innocent of the crime for which he was convicted. *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). "To support a colorable claim of actual innocence the petitioner must come forward with 'new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" *Id*. The Court has no evidence before it that Marrero is innocent of this crime. In fact, Marrero premises the majority of his argument on the basis that his action did not implicate the interstate commerce necessitated by the

5

Hobbs Act, not that he was innocent of robbing drug dealers. Thus, this exception does not apply. Accordingly, this Court need not consider the merits of Marrero's defaulted claims.

3. Claims raised on Appeal

On direct appeal Marrero raises two issues which were considered and determined by the Seventh Circuit. Particularly, the Seventh Circuit analyzed whether "the robbery of the drug dealers had the requisite effect on commerce" under the Hobbs Act and whether Marrero's sentencing enhancement was proper. See *United States of America v. Edwin Marrero and David Hernandez*, 299 F.3d 653 (7th Cir. 2002). In his § 2255 petition, Marrero argues that the government failed to meet its burden of proving that the robbery affected interstate commerce or that the victims were from Detroit, Michigan. Specifically, Marrero's petition raises: whether there are different rules of law for robberies of individuals compared to businesses which may affect interstate commerce (Ground 4); whether the Government established the depletion of assets theory under the Hobbs Act (Ground 6). Additionally, Marrero argues that h that the Court improperly enhanced his sentence as a career offender at sentencing (Ground 20).

Marrero has not set forth any showing of changed circumstances warranting reconsideration. Indeed, Grounds 4, and 6 are virtually identical to the issue claims presented and decided on direct appeal. These allegations are founded in the same claims rejected by the court of appeals and Marrero attempts to cast the allegations in different terms so as to make them appear as if they were independent claims for relief, to no avail. Further, on appeal the Seventh Circuit directly considered Marrero's sentence enhancement as a career offender. As stated previously, § 2255 motions are not intended to recapitulate issues addressed on direct appeal; decisions of the appellate court are binding as the law of the case. *Daniels*, 26 F.3d at 711. Absent changed circumstances of fact or law, a court can decline

6

to reconsider an issue already decided on direct appeal. *Olmstead*, 55 F.3d at 319. Accordingly, this Court need not consider the merits of these defaulted claims.

B.  Claims not subject to Procedural Default

Several of the claims raised by Marrero in his § 2255 motion are not subject to procedural default despite Marrero's failure to raise them on appeal or the fact that they were already adjudicated by the Seventh Circuit. These claims involve issues of whether this Court had jurisdiction over Marrero's criminal proceedings and claims of ineffective assistance of standby counsel and appellate counsel.

1. Jurisdiction

Beyond Marrero's contentions that the Government suborned perjury, "mistatements of law, and foul tactics" with regard to the indictment in order to establish federal jurisdiction, Marrero's § 2255 petition also challenges the jurisdiction of this court to conduct his criminal trial. Specifically, Marrero argues that "lack of jurisdiction cannot be waived at any stage of the criminal proceeding" (Ground 1). Marrero is correct in his assertion. Claims of a jurisdictional defect in § 2255 petitions are not subject to the procedural default rule. See *Macchione v. United States*, 205 F. Supp. 2d 888, 890 (N.D. Ill. 2002). However, relief under § 2255 is only available if the trial court is guilty of an error that is either jurisdictional or constitutional, which in turn creates a fundamental defect that inherently results in a miscarriage of justice. See *United States v. Joiner*, 847 F. Supp. 604, 607 (N.D. Ill. 1994). In Marrero's case, no such error occurred. United States district courts have original and exclusive jurisdiction over all offenses committed in violation of federal criminal laws. 18 U.S.C. § 3231; *United States v. Wren*, 363 F.3d 654, 660 (7th Cir. 2004). Therefore, this Court's ability to assert jurisdiction over Marrero was established at the time Marrero violated federal criminal statutes within the geographic boundaries

of the Northern District of Illinois.

The Seventh Circuit in *Hugi v. United States*, 164 F.3d 378, 380-81 (7th Cir. 1999) analyzed the nature of subject matter jurisdiction in criminal cases. In *Hugi*, the petitioner filed a Section 2255 petition in which he claimed that his attorney had been ineffective for failing to challenge the "jurisdictional" element of use of interstate wires. The Court reasoned that "[l]awyers and judges sometimes refer to the interstate commerce element that appears in many federal crimes as the 'jurisdictional element,' but this is a colloquialism -- or perhaps a demonstration that the word 'jurisdiction' has so many different uses that confusion ensues." *Id.* at 381 (citing *Kanar v. United States*, 118 F.3d 527, 529-30 (7th Cir. 1997)). "The nexus with interstate commerce, which courts frequently call the 'jurisdictional element,' is simply one of the essential elements of [the offense]. Although courts frequently call it the 'jurisdictional element' of the statute, it is 'jurisdictional' only in the shorthand sense that without that nexus, there can be no federal crime . . . . It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, . . . ." *Id.* Thus, while "[a] link to interstate commerce may be essential to Congress' substantive authority, see *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995), . . . the existence of regulatory power differs from the subject-matter jurisdiction of the courts." *Id.* at 380-81. The "subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Id.* at 381 (quoting United States v. Martin, 147 F.3d 529 (7th Cir. 1998)). The Seventh Circuit's holding in *Hugi* demonstrates that it is 18 U.S.C. § 1951 and 18 U.S.C. § 924 which confer jurisdiction to this Court. Proof that Marrero committed a robbery that affected interstate commerce is simply one of a number of elements that must be either proved by the

8

government at trial. Therefore, evidence of Marrero's criminal activity of robbing individuals in violation of the Hobbs Act is sufficient for this Court's exercise of jurisdiction. Accordingly, this Court had jurisdiction to conduct Marrero's criminal proceedings.

2. Ineffective Assistance of Counsel

Generally, issues not raised on direct appeal are barred from collateral review absent a showing both good cause for failure to raise the claims on direct appeal and prejudice from the failure to raise those claims. *Theodorou*, 887 F.2d at 1338. Ineffective assistance of counsel claims, however, "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). In order to show ineffective assistance of counsel, it is the defendant's burden to show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Because there is a strong presumption that counsel's performance falls within the standards of professional norms, a defendant must identify specific acts or omissions of counsel that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 689; *Granada v. United States*, 51 F.3d 82, 83 (7th Cir.). To demonstrate prejudice, a defendant must establish that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Taylor v. Bradley*, 448 F.3d 942, 948 (7th Cir. 2006).

a. Ineffective Assistance of Pre-Trial Counsel

Marrero argues that James Graham, Marrero's pre-trial counsel, failed to establish an argument regarding the defective indictment during pretrial proceedings (Ground 14). For example, Marrero suggests that Graham, as a trained attorney, should have noted that the indictment did not state a

victim's name or address, thus demonstrating its defectiveness. Pursuing an argument that the indictment was defective would have been frivolous, and counsel cannot be ineffective in failing to pursue a frivolous argument. The Seventh Circuit has held that the minimum level of detail that is required for an indictment is that it be sufficiently detailed so that it adequately apprises the defendant of the charges, thereby enabling him to prepare his defense. See *United States v. Smith*, 230 F.3d 300, 306 (7th Cir. 2000). It has further reasoned that in situations where an indictment fails to identify a victim, "such failure, especially when no prejudice is alleged, is insufficient to require a reversal of a conviction." *Id.* citing *Collins v. Markley*, 346 F.2d 230, 232 (7th Cir. 1965). An indictment not challenged before trial will be upheld unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." *United States v. Mosley*, 786 F.2d 1330, 1334 (7th Cir. 1986)(internal quotation omitted). Given the facts, Marrero cannot show that pre-trial counsel's failure to pursue any argument based on a defective indictment caused his performance to fall below an objective standard of reasonableness.

b. Ineffective Assistance of Trial Counsel

The next ineffective assistance of counsel claim revolves around alleged deficiencies in the assistance provided by Robert Edwards, Marrero's standby counsel after Marrero's decision to proceed pro se. In particular, Marrero argues that Edwards failed to timely visit with him and explain the complexity of the PSI proceedings and to argue that Marrero was a career offender (Ground 16). First, Edwards did not represent Marrero. Edwards was appointed as stand-by counsel for Marrero, and there is no right to the effective assistance of stand-by counsel. *United States v. Windsor*, 981 F.2d 943, 947 (7th Cir. 1992). "As the term 'stand-by' implies, stand-by counsel is merely to be available in case the court determines that the defendant is no longer able to represent himself or in case the defendant

chooses to consult an attorney." *Id.* But, even if Marrero was entitled to effective assistance throughout the course of these proceedings, the assistance he received was not constitutionally deficient. The PSR and the addendum indicate that plaintiff had two prior convictions for drug offenses. Since the record supported petitioner being sentenced as a career offender, counsel's failure to object was not deficient performance. Petitioner has failed to point to any specific facts that would justify him not receiving a sentence enhancement. Thus, it was not prejudicial for trial counsel to avoid raising the issue. Accordingly, petitioner has not shown that his counsel's performance was deficient. Further, Marrero has not shown any prejudice caused by his counsel's performance. Specifically, Marrero has not shown that absent his counsel's performance he would have received a shorter sentence.

### c. Ineffective Assistance of Appellate Counsel

Marrero argues that appellate counsel was ineffective in failing to request to have his appeal heard *en banc,* refusing to raise all the issues set forth in his § 2255 petition, and ignoring his request to proceed pro se on his appeal(Ground 21).[3] Marrero's arguments have no merit.

First, Marrero has no constitutional right to force "counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Paschal v. U.S.*, 2003 U.S. Dist. LEXIS 19369, 2003 WL 22462555, at *5 (N.D. Ill. Oct. 30, 2003), quoting *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983). It is well-settled that a petitioner cannot establish ineffective assistance of counsel based solely on the fact that counsel failed to raise certain issues on appeal. *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989). On appeal, Marrero's appellate counsel chose two issues for appeal: (1) whether the robbery of the drug dealers had the requisite effect on commerce to implicate the Hobbs Act and (2) whether Marrero's

---

[3]Related to this argument, Ground 22 of Marrero's petition argues that the Seventh Cirucit violated his constitutional right to represent himself in his appellate proceedings.

sentence enhancement was proper. Thought not successful, appellate counsel was within his rights to exercise his independent judgment in determining which claims were meritorious to be presented on appeal. As noted above, Marrero's claim that his conviction rests on insufficient evidence is without merit, and his counsel was well within his professional judgment in deciding not to make that particular argument in his appeal. Marrero offers no evidence that his counsel's decisions fell below an objective standard of reasonableness or prejudiced his defense in any way.

Next, with respect to appellate counsel's alleged failure to inform him of an alleged right to have the Seventh Circuit hear Marrero's appeal *en banc*, this argument is also without merit. Indeed, Petitioner Marrero provides no material support for his claims other than his summation of the relevant law and his own conclusory statements. The Federal Rules of Appellate Procedure provide that a party may petition for a hearing en banc when "the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed (with citation to the conflicting case or cases) and consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions." *USCS Fed Rules App Proc R 35 (b)(1)(A)*. Marrero has not shown that his appellate counsel failed to exercise reasonable professional discretion by not informing him of en banc review or that his appellate counsel's conduct otherwise fell outside the spectrum of reasonable professional conduct. Likewise, Marrero has not demonstrated that he was prejudiced by his appellate counsel's actions. As explained above, other than Marrero's bare assertions and summation of the relevant law, Marrero fails to develop this claim and provide material support for his allegations. As stated before, such assertions are not enough.

Lastly, Petitioner Marrero argues that appellate counsel ignored his request to proceed pro se on appeal (Ground 22). The court docket reflects that on May 24, 2001, the Seventh Circuit

ordered the defendant to file a statement advising this court whether he wanted to handle his appeal on his own or if he wanted the court to appoint an attorney. The docket further reflects that on July 9, 2001, the Seventh Circuit granted Marrero's motion for appointment of counsel on appeal. Notably, the Seventh Circuit has held "[d]efendants right of self representation does not extend to appeal." *United States v. James*, 328 F.3d 953, 955 (7th Cir. 2003)(citing *Martinez v. Court of Appeal*, 528 U.S. 152(2000)). Moreover, Marrero has not shown that his appellate counsel failed to exercise reasonable professional discretion or that his appellate counsel's conduct otherwise fell outside the spectrum of reasonable professional conduct. Marrero must support his allegations with more than vague and conclusory allegations. See generally *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991)(bald allegations of prejudice are insufficient to demonstrate ineffective assistance of counsel); and *Galbraith v. United States*, 313 F.3d 1001 (7th Cir. 2002). Marrero fails to show how appellate Counsel's actions were constitutionally deficient. Further, Marrero fails to identify, specifically, the prejudice caused by counsel's allegedly deficient action. Thus, this claim lacks merit.

Marrero's motion to correct or vacate is DENIED.

IT IS SO ORDERED.

3/21/07
Dated

The Honorable William J. Hibbler
United States District Court

13